IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR11-2029 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| MARK LEE ZIEMAN, | |
| Defendant. | |

On the 29th day of June, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. (Jack) Lammers. The Defendant appeared personally and was represented by his attorney, Leslie E. Stokke.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 23, 2011, Defendant Mark Lee Zieman was charged by Indictment (docket number 3) with conspiracy to manufacture methamphetamine. At the arraignment on June 28, 2011, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 29, 2011. The Government requested Defendant be detained pending trial. A detention hearing was scheduled on June 29, 2011.

At the hearing, Clear Lake Police Officer Ryan Eskildsen testified regarding the circumstances underlying the instant charge.[1] On November 19, 2010, Eskildsen was contacted by the Osage Police Department and Mitchell County Sheriff's Office regarding a methamphetamine lab. According to law enforcement, earlier that day an incident occurred involving an explosion which was caused by a one-pot methamphetamine lab.

---

[1] For the past two years, Officer Eskildsen has assisted the North Central Iowa Narcotics Task Force.

1

Defendant and co-defendant Brett Baldwin were cooking methamphetamine in a car driven by Defendant. During the "cooking" process, a fire started which resulted in an explosion. Items related to the one-pot methamphetamine lab were sent to a crime lab, and methamphetamine precursor residue and related chemicals were found on the items.

On March 1, 2011, Officer Eskildsen engaged in a non-custodial interview with Defendant regarding the events of November 19, 2010. Defendant told Eskildsen that he agreed to do a "one-pot cook" of methamphetamine with Baldwin to make money.[2] Defendant stated that Baldwin provided most of the ingredients. According to Defendant, while Baldwin was mixing the chemicals, a fire started and then blew up. Baldwin's hands were severely burned, and Defendant drove him to the hospital. Defendant admitted cooking methamphetamine less than 10 times over the couple months preceding the November 19 incident.

Baldwin was also interviewed by Officer Eskildsen. Baldwin admitted his involvement in cooking the methamphetamine on November 19. A text message on Baldwin's phone referenced cooking methamphetamine. The text message stated "Shaking one up. Will share it with you."

According to the pretrial services report, Defendant is 46 years old. He has lived in Osage, Iowa, his entire life, except for a five year period from 1985 to 1990, when he lived in Florida. Defendant is currently married, but he and his wife are separated. He has one previous marriage with two adult children from that marriage. He currently resides with his sister and her husband in Osage.

Defendant has been unemployed since 2006 due to complications from a back injury he suffered in the 1980s. In discussing his physical health, Defendant told the pretrial services officer that he has back pain which restricts his mobility. He is prescribed multiple medications for his back pain. Defendant indicated that he has applied for Social Security disability benefits, but has yet to learn the outcome of his application. Defendant

---

[2] Defendant stated that he and Baldwin learned the one-pot cooking method together from a friend.

denies undergoing any mental health treatment, but stated that he has been prescribed medication for depression in the past.[3] Defendant reported using marijuana from his mid-teens to his mid-20s. Defendant also indicated that he began using methamphetamine as a teenager, and quit using methamphetamine about one year ago. He underwent substance abuse treatment in 2003 while incarcerated, and in 2005 and 2006, at Prairie Ridge Addiction Treatment Services in Mason City, Iowa.

On May 7, 1999, Defendant was charged with OWI, first offense, possession of a controlled substance, and unlawful possession of a prescription drug. All of these charges were dismissed. On the same date, Defendant was separately charged and later convicted with possession of drug paraphernalia. Defendant was ordered to pay a fine. On August 10, 2000, Defendant was found in contempt of court for failing to pay his fine. He was sentenced to 14 days in jail. On August 15, 2000, Defendant was charged and later convicted of driving with a denied or revoked license.

On March 7, 2002, Defendant was charged and later convicted of possession of methamphetamine. He was sentenced to 2 days in jail. On the same date, Defendant was separately charged with conspiracy to manufacture methamphetamine. He was sentenced to 10 years in prison. He was paroled on October 28, 2003. On December 22, 2005, Defendant was placed on absconder status, and a warrant was issued for his arrest. The warrant was served on February 22, 2006, and Defendant was placed in jail. On March 23, 2006, he was placed on work release. He was paroled on September 12, 2006. He was discharged from parole on February 5, 2007.

On April 18, 2007, Defendant was charged with possession of drug paraphernalia. The charge was later dismissed. On the same date, Defendant was separately charged and later convicted of possession of a controlled substance precursor. He was sentenced to

---

[3] According to records from the Iowa Department of Corrections, in 2002, Defendant was referred to the North Iowa Mental Health Center, and diagnosed with a psychotic disorder. He was prescribed medication as treatment.

5 years in prison. He was paroled on November 28, 2007. He was discharged from parole on July 26, 2009.

On November 19, 2010, Defendant was charged with third degree arson, conspiracy to manufacture methamphetamine, and manufacturing methamphetamine. These charges were based on the incident relating to the instant federal charge. Prior to the filing of the instant Indictment, all of the state charges were dismissed.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

## B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, the weight of the evidence against Defendant is strong. On November 19, 2010, a fire occurred in a vehicle driven by Defendant. Results from a crime lab found that the cause of the fire was consistent with a methamphetamine lab. Defendant admitted attempting to manufacture methamphetamine on November 19.

The Court is particularly concerned with Defendant's admission that he had cooked methamphetamine multiple times in the month or two preceding his arrest. As is evidenced by the fire and explosion which occurred on November 19, 2010, while Defendant was cooking methamphetamine, such actions pose a serious risk and danger to the community. Additionally, Defendant has been convicted and sent to prison twice before on methamphetamine manufacturing charges. The Court is unconvinced that there are any conditions or combination of conditions which will assure the safety of the community. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1.    The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.    The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.    On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.    The time from the Government's oral motion to detain (June 28, 2011) to the filing of this Ruling ( _June 30, 2011_ ) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this _30th_ day of _June_ , 2011.


_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA